UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERREN JENKINS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-797** |
| **GULF INTERMODAL SERVICES, LLC, ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Gulf Intermodal Services, LLC.[1] The Plaintiffs, Gerren Jenkins and Charonne Jenkins, oppose the Motion.[2] The Defendant filed a reply in support of its Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case concerns an accident involving an 18-wheeler which occurred as the vehicle entered the Port of New Orleans. Plaintiff Gerren Jenkins is an 18-wheeler owner-operator who contracts with companies, such as Defendant Park Avenue Intermodal ("Park Avenue"), to haul cargo primarily in Louisiana.[4] While Plaintiff owns his own tractor through his company, Route 7 Transport, LLC, he does not own the attached container.[5] On September 24, 2021, Plaintiff drove to Defendant

---

[1] R. Doc. 45.
[2] R. Doc. 52. As discussed further herein, Plaintiffs' response in opposition to the Motion was filed untimely.
[3] R. Doc. 56.
[4] *See* R. Doc. 1-1 at p. 6; R. Doc. 47-3 at ¶ 3; R. Doc. 45-4, *Deposition of Gerren Jenkins* ("*Jenkins Depo.*"), at pp. 34–35, 38–42.
[5] *See* R. Doc. 45-4, *Jenkins Depo.*, at pp. 148–50.

ExxonMobil Product Solutions Company's ("ExxonMobil") warehouse in Baton Rouge, Louisiana to complete a job assigned to him by Park Avenue.[6] Plaintiff alleges that ExxonMobil contracted with Defendant Gulf Intermodal Services, LLC ("Gulf Intermodal") to transport a container to New Orleans and that Gulf Intermodal, in turn, contracted with Park Avenue.[7] While at the warehouse, unknown personnel loaded cargo into the container Plaintiff was hauling at the time.[8] Plaintiff does not know who owned the container he was hauling, who loaded the cargo into his truck, what the cargo was, or how much the cargo weighed.[9] Further, Plaintiff did not see the inside of the container after it was loaded and before the container was sealed shut.[10] Plaintiff left the warehouse and proceeded to New Orleans towards his destination at the Port of New Orleans.[11] Upon entering the Port, Plaintiff claims that while making a right turn the cargo in the container shifted, causing the container and his truck to flip over on the left side.[12] Plaintiff alleges that he was driving straight at around five miles per hour at the time of the incident.[13] According to the Plaintiff, the Defendants "improperly loaded" the container he was carrying.[14] Plaintiff's wife, Charonne Jenkins, also a named Plaintiff in this lawsuit, alleges that she suffered damages as result of her husband's injuries.[15]

---

[6] *See* R. Doc. 1-1 at p. 6; R. Doc. 45-4, *Jenkins Depo.*, at p. 58.
[7] *See* R. Doc. 1-1 at p. 6; R. Doc. 47-3 at ¶ 3.
[8] *See* R. Doc. 45-4, *Jenkins Depo.*, at pp. 62–64.
[9] *See id.*
[10] *See id.* at pp. 63–64.
[11] *See id.* at pp. 67 and 158.
[12] *See id.* at pp. 68, 69, 159; R. Doc. 1-1 at p. 6.
[13] *See* R. Doc. 45-4, *Jenkins Depo.*, at p. 68.
[14] *See* R. Doc. 1-1 at p. 6.
[15] *See id.* at p. 8.

Plaintiffs originally filed this lawsuit in the Civil District Court for the Parish of Orleans on September 26, 2022, naming as defendants Gulf Intermodal Services, LLC, ExxonMobil Chemical Company, Park Avenue Intermodal, LLC, Great American Insurance Company, Tina Gordan, and John Doe.[16] In that Petition, Plaintiffs claimed that the accident was caused by the negligence of "the Defendants" in failing to exercise the required degree of care, failure to perform their duties, failure to follow applicable policies, procedures and/or safety standards, failure to follow applicable statutory, regulatory, and/or operating rules, and other facts of negligence to be learned in discovery.[17] Plaintiffs further alleged that Gulf Intermodal, ExxonMobil and Park Avenue were liable for their negligence in failing to institute and follow proper policies and procedures to prevent the overloading and improper loading of the load, failing to properly train and or supervise its employees, and other negligence to be learned in discovery.[18] Defendant ExxonMobil timely removed the action to this Court on March 3, 2023.[19] Plaintiffs have done little to prosecute this case in the year it has been pending in this Court.[20] According to the Defendants, Plaintiffs failed to propound written discovery in this matter and did not depose any witnesses.[21] The Defendants deposed Plaintiff Gerren Jenkins and issued written discovery. Accordingly, the factual record before the Court is slim.

---

[16] *See id.* at p. 5. Great American Insurance Company and Tina Gordan were dismissed without prejudice for failure to timely serve. *See* R. Doc. 14.
[17] R. Doc. 1-1.
[18] *Id.*
[19] R. Doc. 1.
[20] *See* R. Doc. 42.
[21] *See* R. Doc. 46-1 at p. 2.

In the instant Motion, Defendant Gulf Intermodal moves the Court for summary judgment on all of Plaintiffs' claims, arguing that Plaintiffs have failed to provide any evidence to demonstrate Gulf Intermodal's negligence in the September 24, 2021 incident.[22] Gulf Intermodal contends that because there is no genuine factual dispute, it is entitled to judgment as a matter of law. Gulf Intermodal points to Gerren Jenkins' deposition testimony in which the Plaintiff could not articulate the role Gulf Intermodal played in his accident.[23] Gulf Intermodal also attaches an affidavit stating that Gulf Intermodal's sole role was in brokering the load transport at issue to another party and that Gulf Intermodal did not certify the load as fit for transport and did not load or supervise the loading of the container.[24]

Plaintiffs filed an untimely response in opposition to the Motion.[25] In their response, the Plaintiffs claim that there are outstanding genuine issues of material fact and that the Plaintiffs have "evidence that Guld [sic] Intermodal failed to conform to the appropriate standard of care that caused Mr. Jenkins' injuries."[26] Plaintiffs do not specify what the genuinely disputed factual issues are nor do the Plaintiffs attach or cite to any evidence for support. Further, Plaintiffs failed to comply with Local Rule 56.2 which requires a party opposing a motion for summary judgment to "include

---

[22] R. Doc. 45.
[23] *See* R. Doc. 45-4, *Jenkins Depo.*, at pp. 163–64.
[24] *See* R. Doc. 45-3, *Affidavit of Kate Gillis*.
[25] R. Doc. 52. Because the Motion was set for submission on April 2, 2024, the Plaintiffs had until March 25, 2024 to file any response in opposition pursuant to Local Rule 7.5. *See* Local Rule 7.5 ("Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date."). The Plaintiffs filed their response on March 26, 2024. Nevertheless, despite Plaintiffs' opposition being one day late, the Court in its discretion will consider those arguments.
[26] R. Doc. 52 at p. 3.

a separate and concise statement of the material facts which the opponent contends present a genuine issue."[27] Plaintiffs' failure to contest any of the material facts enumerated in the Defendants' respective Local Rule 56.1 filings serves as an admission of those material facts.[28]

Plaintiffs also state that they have evidence to support medical causation and reference certified records of the ambulance report and the emergency room and other medical records; Plaintiffs, however, failed to provide any such evidence.[29] Finally, Plaintiffs argue that the doctrine of *res ipsa loquitur* applies to their claims because the accident is so unusual that "[a]bsent defendants' negligence, this accident would not have occurred."[30]

Gulf Intermodal filed a brief reply in support of its Motion, first pointing out the untimeliness of Plaintiffs' response and then contending that the Plaintiffs' failure to provide any evidence or to contest any of Gulf Intermodal's material facts demonstrates that "[s]ummary judgment in this matter is clearly appropriate."[31]

## II.   LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the

---

[27] Local Rule 56.2.
[28] *See id.*
[29] *See* R. Doc. 52 at p. 4 ("Mr. Jenkins can clearly prove that Mr. Jenkins' medical causation as the flipping over of the container."). The only medical records in the record were provided by Defendant ExxonMobil. *See* R. Docs. 46-3 & 46-4. Those records pertain to prior automobile accidents involving the Plaintiff and do not establish medical causation for Plaintiff. *See id.*
[30] R. Doc. 52 at p. 4.
[31] R. Doc. 56.

movant is entitled to judgment as a matter of law."[32]  A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[33]  Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[34]  When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[35]  While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[36]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[37]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[38]  The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact or by "showing that the moving party's evidence is so sheer that it may not persuade the

---

[32] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[33] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).
[34] *Liberty Lobby*, 477 U.S. at 248.
[35] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).
[36] *Id*. (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[37] *Id*. at 399 (citing *Liberty Lobby*, 477 U.S. at 248).
[38] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).

reasonable fact-finder to return a verdict in favor of the moving party."[39] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[40] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[41]

## III.  ANALYSIS

Throughout this litigation, the Plaintiffs have repeatedly failed to comply with Court Orders[42], the Court's Scheduling Order[43], the Court's Local Rules[44], and the Federal Rules of Civil Procedure.[45] In the year-and-a-half since this case was filed—

---

[39] *Id.* at 1265.

[40] *See Celotex*, 477 U.S. at 322–23.

[41] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

[42] On June 5, 2023, the Court ordered the Plaintiff to show cause as to why Defendants Great American Insurance Co. and Tina Gordan should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 4(m). *See* R. Doc. 13. Plaintiff failed to respond to the Court's Order. Accordingly, the Court dismissed Great American Insurance Co. and Tina Gordan without prejudice due to Plaintiff's failure to serve them. *See* R. Doc. 14.

[43] As this Court discussed in greater detail in its Order and Reasons denying the Plaintiffs' motion to extend the Scheduling Order deadlines, Plaintiffs failed to comply with the dates set forth in the Scheduling Order and only moved to continue the deadlines *after* the deadlines had passed. *See* R. Doc. 42.

[44] As discussed above, Plaintiffs failed to timely file a response in opposition to the Defendants' respective motions for summary judgment. *See* n.25. Further, Plaintiffs failed to comply with Local Rule 56.2 which requires a party opposing summary judgment to file a statement of facts which are genuinely disputed.

[45] Fed. R. Civ. P. 16(b)(4) governs the good cause analysis for modifying a court's scheduling order. As mentioned above, Plaintiffs failed to demonstrate good cause to extend the deadlines in the Court's Scheduling Order. *See* n.43. Plaintiffs also repeatedly failed to comply with their discovery obligations under the Federal Rules, waiting to serve their initial Rule 26 disclosures on the Defendants nearly two months after the deadline and failing to timely and adequately respond to the Defendants' first set of discovery requests. *See* R. Doc. 42 at p. 7.

and year since the case was removed to this Court—the Plaintiffs have made almost no effort to prosecute this case, failing to engage in any discovery of their own and failing to comply with their own discovery obligations, resulting in several Rule 37 conferences.[46] While the Court recognizes Plaintiffs' lackadaisical attitude towards this case, in considering Gulf Intermodal's Motion, the Court draws all reasonable inferences in favor of the Plaintiffs. Because there is no genuine dispute of material fact, the Court grants Defendant Gulf Intermodal's Motion for Summary Judgment.

Plaintiffs have failed to produce *any* evidence to support their claims against Gulf Intermodal. Federal Rule of Civil Procedure 56(c) requires that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other material."[47] Plaintiffs have neither cited nor provided any record evidence demonstrating a genuine factual dispute. Instead, Plaintiffs seemingly rest on their statement that they have "evidence that Guld [sic] Intermodal failed to conform to the appropriate standard of care that caused Mr. Jenkins' injuries."[48] At this stage,

---

[46] *See* R. Doc. 42 at p. 7. Plaintiffs claim that "[t]he current scheduling orders were and still are placing strict time limitations on Mr. Jenkins' case." R. Doc. 52 at p. 2. Whatever prejudice the Plaintiffs may be suffering from the Court's enforcement of the deadlines in its Scheduling Order is entirely self-inflicted, however. Plaintiffs cannot reasonably complain about the Court's deadlines when they have made no good-faith effort to comply with the deadlines in the first place.
[47] Fed. R. Civ. P. 56(c).
[48] R. Doc. 52 at p. 3.

Plaintiffs must provide evidence for their assertions; summary judgment cannot be defeated through vague assertions and allegations.[49]

Plaintiffs further argue that "the genuine issue of fact is that Guld [sic] Intermodal brokered the load that caused Mr. Jenkins' vehicle to flip on its side as he was driving straight."[50] Plaintiffs fail to explain why they believe this is a genuine dispute of a material fact; Gulf Intermodal does not dispute that fact. In their attached affidavit, Gulf Intermodal avers that it "brokered the transport at issue to another party" and that "Gulf's involvement in this transport was strictly to contract with another party to make the arrangement for the transport."[51] Further, Gulf Intermodal claims that it did not certify the load as fit for transportation nor did it have anything to do with the loading of the container.[52] Plaintiffs have provided no evidence to contradict those sworn statements. Moreover, Plaintiffs' own admissions further sink their case. As discussed above, Plaintiffs' failure to respond to or controvert any of Gulf Intermodal's statement of material facts operates as an admission of those facts.[53] During his deposition, Plaintiff Gerren Jenkins stated that he believed that Gulf Intermodal and Park Avenue operated "under the same umbrella" but specified that he "do[es]n't know" what role Gulf Intermodal played

---

[49] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[50] R. Doc. 52 at p. 3.
[51] R. Doc. 45-3, *Affidavit of Kate Gillis*.
[52] *See* R. Doc. 45-1 at ¶¶ 3–4.
[53] *See* n.28; Local Rule 56.2 ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.").

with the load at issue.[54]  Plaintiff also testified that he does not know what caused the container to flip over.[55]

The doctrine of *res ipsa loquitur* does not save the Plaintiffs here.  *Res ipsa loquitur* is a "rule of circumstantial evidence that infers negligence on the part of defendants because the facts of the case indicate that the negligence of the defendants is the probable cause of the accident, in the absence of other equally probable explanations offered by credible witnesses."[56]  For the doctrine to apply, three criteria must first be satisfied: "(1) the injury is of the kind which does not ordinarily occur in the absence of negligence on someone's part; (2) the evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of the plaintiff or of a third person; and (3) the alleged negligence of the defendant must be within the scope of the defendant's duty to the plaintiff."[57]  Further, a plaintiff invoking *res ipsa loquitur* must demonstrate that "the defendant had exclusive control of the thing causing the damage."[58]  *Res ipsa loquitur* cannot be invoked by plaintiffs as a "Hail Mary" to avoid dismissal of their claims for lack of evidence.[59]

Plaintiffs have, at minimum, failed to demonstrate the first two prongs of the *res ipsa loquitur* analysis.  As mentioned earlier, the Plaintiffs have presented no evidence as to Gulf Intermodal's involvement in this incident other than that Gulf

---

[54] R. Doc. 45-4, *Jenkins Depo.*, at pp. 163–64.
[55] *See id.* at p. 163.
[56] *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 312 (5th Cir. 2017) (quoting *Montgomery v. Opelousas Gen. Hosp.*, 540 So.2d 312 (La. 1989)).
[57] *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 2006-3030 (La. 9/5/07), 966 So. 2d 36, 44.
[58] *Bolton v. Sea Mar Warehousing & Logistics, Inc.*, 2010-0286 (La. App. 4 Cir. 11/10/10), 51 So.3d 836, 841 (quoting *Small v. Baloise Ins. Co. of Am.*, 96-2484 (La. App. 4 Cir. 3/18/98), 753 So.2d 234, 242).
[59] *See Lyles*, 871 F.3d at 312 (explaining that *res ipsa loquitur* "must be sparingly applied" (quoting *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1362 (La. 1992)).

Intermodal brokered the load. *Res ipsa loquitur* is only applicable "when plaintiff's accident is best explained by defendant's negligence and not some other factor."[60] The Court does not find that this accident, the tipping over of an 18-wheeler, is the type of incident "which does not ordinarily occur in the absence of negligence on someone's part."[61] The negligence of the driver of the 18-wheeler is an obvious potential cause. Accordingly, the Plaintiffs have also failed to satisfy the second element of the *res ipsa* analysis because the Plaintiffs have not presented sufficient evidence to rule out other potential causes of the accident, such as the negligence of the Plaintiff, one of the other Defendants, or some other third party. Further, for *res ipsa loquitur* to apply, the Plaintiffs must demonstrate that the container was in the exclusive control of Gulf Intermodal. As the evidence makes clear, Gulf Intermodal's sole role here was in brokering the load by contracting with Park Avenue.[62] There is no evidence that Gulf Intermodal played any part in loading the container or exercising control over the container.[63] *Res ipsa loquitur* does not apply to create any liability for Gulf Intermodal here. The failure of the Plaintiffs to provide *any* evidence as to the negligence of Gulf Intermodal necessitates the granting of summary judgment on Plaintiffs' claims, dismissing those claims with prejudice.

Finally, because Gulf Intermodal is entitled to summary judgment as a matter of law as to Plaintiff Gerren Jenkins' claims, it follows that Gulf Intermodal is

---

[60] *Ridgeway v. Pfizer, Inc.*, No. CIVA 09-2794, 2010 WL 1729187, at *3 (E.D. La. Apr. 27, 2010) (Vance, J.).
[61] *Linnear*, 966 So. 2d at 44.
[62] *See* R. Doc. 45-3, *Affidavit of Kate Gillis*.
[63] *See* R. Doc. 45-1 at ¶¶ 3–4.

likewise entitled to summary judgment as to any claims by Plaintiff Charonne Jenkins. Because her claims are entirely predicated on the underlying claims of her husband, the failure of his claims necessarily dooms her own claims.[64]

Where a plaintiff has failed to produce any evidence linking a defendant to the claimed injury, the plaintiff's claims cannot survive the summary judgment stage. Such is the case here. Because there are no material facts in genuine dispute, this Court must grant summary judgment in favor of Gulf Intermodal, dismissing all of Plaintiffs' claims against Gulf Intermodal with prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendant Gulf Intermodal Services, LLC [65] is **GRANTED**.

**IT IS FURTHER ORDERED** that any and all claims asserted by the Plaintiffs against Defendant Gulf Intermodal Services, LLC are **DISMISSED with prejudice**.

New Orleans, Louisiana, April 4, 2024.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[64] *See, e.g.*, *Purcell v. Tulane Univ. of Louisiana*, No. 16-1834, 2017 WL 2311735, at *8 (E.D. La. May 26, 2017) (Milazzo, J.) ("[T]he dismissal of any underlying tort claim must result in the dismissal of the related loss of consortium claims."). To the extent that the Plaintiffs bring claims on behalf of their own children, those derivative claims fail for the same reason.
[65] R. Doc. 45.